**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SUBPOENA ISSUED IN: | Misc No. _____ |
| *MWK Recruiting, Inc. v. Jowers, et al.* pending in the U.S. District Court for the Western District of Texas, Case No. 1:18-cv-00444-RP | **ORAL ARGUMENT REQUESTED** |
| BREAKING MEDIA INC. dba ABOVE THE LAW,<br><br>                                        Petitioner,<br><br>                   -against-<br><br>EVAN P. JOWERS,<br><br>                                        Respondent. | **DECLARATION OF DAVID S. KORZENIK IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA** |

**DAVID S. KORZENIK** hereby declares pursuant to 28 U.S.C. § 1746:

1.  I am a partner in the law firm Miller Korzenik Sommers Rayman LLP, attorneys for Petitioner Breaking Media, Inc., publisher of *AboveTheLaw.com* ("Petitioner" or "ATL").

2.  I make this Declaration in support of ATL's Motion To Quash Respondent Evan Jowers' ("Respondent" or "Jowers") subpoena ("Subpoena" attached as "Exhibit A"), which seeks documents (*20 categories*) and a Fed. R. Civ. P. 30(b)(6) deposition of ATL (*on 25 topics*) calling for compliance on February 18, 2021 at 12:00pm in Manhattan.  ATL also moves for reasonable attorneys' fees under Rule 45(d) and for additional time to supplement its papers if needed.

3.  The two most significant ATL articles reporting on the underlying litigation, *MKS Recruiting, Inc. v. Jowers, et al.*, pending in the U.S. District Court for the Western District of Texas (Case No. 1:18-cv-00444-RP) ("Texas Litigation"), are attached as

Exhibits A and B to the Subpoena (*see* Exhibit A to Declaration, at 18; 28) (the "ATL Articles"). The ATL Articles quote from two rulings in the Texas Litigation. On information and belief, both rulings were reported first by competing news outlets, Law.com, Law360 and Bloomberg Law.

4. ***First Contact with Respondent Jowers' counsel***: I contacted Robert Tauler, counsel for Respondent, for the first time by telephone on President's Day, this Monday, February 15, 2021 to discuss the Subpoena and to initiate meet and confer discussions – discussions that might have avoided the need for the instant motion or at least narrowed its scope. We both understood that Fed. R. Civ. P. 30(b)(6) requires parties to meet and confer discussions in advance of any motion practice. So too does accepted practice under Rule 45 and under many individual judges' rules.

5. On the February 15 call with Mr. Tauler, I inquired about the nature of the Texas Litigation and about the discovery needs in that case. He described the nature of the case as he saw it; and I noted the Reporters' Privilege issue that needed to be assessed at least as it related to a substantial portion of the Subpoena demands.

6. I also told Mr. Tauler that I would discuss the issues with ATL; find out what relevant information, if any, ATL had in its possession; and what was at stake. We agreed that after I spoke with ATL, I would then speak further with Mr. Tauler.

7. ***Request for Extension of Time To Move To Quash***: During the February 15 call, I requested an extension of time in which to make ATL's Motion To Quash so that a Fed. R. Civ. P. 30(b)(6)-compliant "meet and confer" could be completed, and to avoid motion practice or at least narrow its scope. The Subpoena called for a deposition on Thursday, February 18, 2021 – only three days after our initial phone call. So, unless

ATL's time to respond were extended, ATL would need to move to quash the Subpoena by today, February 17, 2021.  Mr. Tauler seemed amenable to that request and asked me to send a stipulation that he would consider.  I prepared and sent Mr. Tauler the draft stipulation the same day, February 15.  A copy of the Stipulation and accompanying February 15 email is attached as Exhibit B**.**

8. On February 16, 2021 at 3:13pm Mr. Tauler emailed me to say that he would *not* agree to extend any time.  He said that his discovery cut-off in the Texas Litigation was this Friday, February 19, 2021.  Mr. Tauler wanted to go ahead with his Rule 30(b)(6) deposition of ATL on Thursday, February 18, 2021 – *tomorrow*.

9. That meant that ATL would have to move to quash Respondent's Subpoena by February 17, 2021 – *today* – before the February 18 deposition date.  But it also meant that I would have to do so without having been allowed a reasonable time to meet and confer with Mr. Tauler as required by Rule 30(b)(6) .  That gave me about 24 hours in which to prepare and file this Motion To Quash.

10. Petitioner should not have to carry the cost of this motion practice, which could have been avoided or at least focused and limited.

11. ***No Proper or Timely Service of the Subpoena***: *The Subpoena appears never to have been properly served* on ATL.  Respondent's counsel, Mr. Tauler, claims to have served the Subpoena on February 5, 2021, but nothing was received or found at ATL's 611 Broadway offices either on February 5 or on February 12 when ATL's office manager was present.

12. Just today, February 17, 2021, ATL's office manager found at the door of ATL's offices at 611 Broadway, New York, NY 10012 an envelope which contained the Subpoena and

a $45.00 check for the appearance fee required by Fed R. Civ. P. 45.  The check is dated February 5, 2021.

13. The U.S. Postal Service Tracking History for the Subpoena (attached as "Exhibit C") shows the envelope's progress: The shipping label was created on February 4, 2021; but the envelope was only accepted at the Los Angeles Post Office on February 8, 2021 at 9:13pm; it "departed" from the USPS Regional Destination Facility in New York on February 11, 2021 at 2:00am; and was delivered to an "individual" at 611 Broadway on at 8:47am.  On information and belief, that delivery was left with the doorman of the building who did not drop it off at ATL's offices until sometime after the ATL office manager had left the office on February 12, 2021.  The office manager saw no envelope on February 12,2021 when she was present.  On her return to the office today, she found the envelope at ATL's door.  That is not service.  And it is not timely service.

14. Mr. Tauler claims to have sent the Subpoena to ATL by email and/or by social media earlier than February 5, 2021.  He emailed a copy of the Subpoena to ATL's principal, John Lerner, on February 5, telling ATL that it was served on that date.  John Lerner has been working from Massachusetts during the relevant period.  And the journalist, Joe Patrice, who wrote the two articles about the Texas Litigation rulings, has been working remotely in Putnam County and has not been to the ATL office during the relevant period.  Service was never properly or timely made; and it would be defective in all events given that no appearance check was served with the subpoena until it was found in the envelope today.

**Wherefore,** Petitioner respectfully requests that the Court grant its Motion To Quash in all respects; together with costs and reasonable attorneys' fees under Fed. R. Civ. P. 45 and such other and further relief as the Court deems proper.

I affirm the truth of the statements herein under penalty of perjury.

/s/ David S. Korzenik

David S. Korzenik

Dated: February 17, 2021
        New York, New York