**MILLER KORZENIK SOMMERS RAYMAN LLP**
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

March 10, 2021

**Via ECF and Email**
The Honorable Katherine Polk Failla
U.S. District Court, S.D.N.Y.
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

> Re:  *Breaking Media, Inc. v. Jowers*, 21-mc-194 (KPF)
> **Letter in Further Support of Motion To Quash Non-Party Subpoena**
> *Directing the Court's Attention to a March 8 Order of the Texas Court*

Dear Judge Failla:

I submit this letter on behalf of Petitioner Breaking Media, Inc., publisher of *Above the Law* ("ATL"), in further support of ATL's Motion To Quash.  *See* ECF Nos. 13-16.

Respondent's Subpoena issued to ATL arises out of a case pending in the U.S. District Court for the Western District of Texas, *MWK Recruiting, Inc. v. Jowers et al.*, 18-cv-00444-RP. The Subpoena was sent to ATL by Respondent Jowers and his counsel Robert Tauler.

A recent development in the Texas litigation may well have bearing on ATL's pending Motion To Quash.  *See* Order by Magistrate Judge Austin dated March 8, 2021 (attached as "Exhibit A").

Its import to our Motion To Quash is this: The ground on which Mr. Tauler justifies his Subpoena to ATL is that he claims Mr. Kinney, the owner of MWK Recruiting, Inc. was submitting information to ATL so as to "interfere with the deliberative process" of the Texas court.

Mr. Tauler issued a parallel subpoena to the U.S. District Court for the Western District of Texas Admissions Committee ("Admissions Committee") – before which Mr. Tauler's application for admission is pending – seeking anything submitted to it by Mr. Kinney, allegedly to "negatively influence Jowers' counsel's admission." Ex. A, at 2 (citation omitted).  The Order describes Mr. Tauler's rationale – which was the same he offered to me in our meet and confers as to what he was looking for from ATL and why.

Significantly, the Order denies Tauler/Jowers' Motion To Compel any such disclosures from the Admissions Committee.  Magistrate Judge Austin found that Tauler's "motion is a vehicle for Tauler to litigate his grievances regarding his application for admission to this Court, and Kinney's actions related to it."  *See* Ex. A, at 2.  That issue, the Court ruled, "is quite plainly

*not* one of the issues presented in this lawsuit." The Court described the lawsuit as one "that raises trade secret, non-competition and related issues . . . ." *Id.*

Jowers'/Tauler's Subpoena to ATL has the same objective as their subpoena to the Admissions Committee and it seeks the same kinds of documents, namely Kinney's providing information to ATL might influence the Texas court. That is what Mr. Tauler was referring to when he told me that his Subpoena was directed at Kinney's effort to "interfere with the deliberative process" of the Texas court. *See* ATL Memorandum of Law (ECF No. 16), at 7-9.

Just as the Texas court denied Jowers and Tauler's motion to compel as to the Admissions Committee, the Court should grant ATL's Motion To Quash the related Subpoena to ATL. It can and should do so here on the same grounds.

Respectfully Submitted,

/s/David S. Korzenik
David S. Korzenik

Cc: Robert Tauler - Via Email