UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BREAKING MEDIA INC.<br>dba ABOVE THE LAW,<br><br>       Petitioner,<br><br>   -against-<br><br>EVAN P. JOWERS,<br><br>       Respondent.<br><br>Re:  Subpoena Issued in,<br>*MWK Recruiting, Inc. v.*<br>*Evan P. Jowers, et al*<br>U.S. District Court<br>Western District of Texas | Misc No.1: 21-mc-00194-KPF<br><br>Associated Case: 1:18-cv-00444<br>(W.D.TX) |

## <u>OPPOSITION TO MOTION TO QUASH</u>

  Respondent Evan P. Jowers hereby opposes the the Motion of Petitioner Breaking Media Inc. ("Petitioner" or "Above the Law") to Quash Non-Party Subpoena (the "Motion").

### I.  INTRODUCTORY FACTUAL SUMMARY

  Respondent and Defendant Evan Jowers ("Jowers") served a subpoena ("Subpoena") on non-party Breaking Media Inc., who publishes the legal website, *Above the Law* ("*Above the Law*"). Jowers seeks documents from Petitioner for use in his defense of a lawsuit filed by Robert E. Kinney ("Kinney") in Texas (the "Case"). Kinney is the sole owner of a legal recruiting firm called "Kinney Recruiting," who has sued under the name "MWK Recruiting," an entity no longer in existence. Kinney is also the Plaintiff's attorney. Kinney has been a sponsor of *Above the Law* for over a decade and continues to pay *Above the Law* as an advertiser on a monthly basis.

A.      **The Legal Recrutiing Business and the Underlying Claims.**

After many years of litigation, the Case between Jowers and Kinney, two former colleagues in the legal recruiting business, is approaching trial.  Defendant Jowers was sued for a myriad of claims in 2016 by his former employer and Robert Emmet Kinney in Kinney's hometown of Austin, Texas.  Discovery disputes in the Case have garnered multiple articles written by *Above the Law* that are the subject of the present motion.

B.      ***Above the Law* Publishes Favorable Articles for its Sponsor,**

        **Robert Kinney.**

*Above the Law* published its first article about the Case (relating to a discovery dispute) in April 2020.  The article, part of the "benchslap" series by *Above the Law* (who also, without irony, describes itself as a news site dedicated to "breaking legal developments") is titled "Kirkland & Ellis Ripped In Blistering Benchslap."  The article goes on to describe a garden variety discovery dispute, and commentary from the Magistrate Judge assigned to the Case Andrew Austin, including that the general counsel of Kirkland & Ellis, one of the largest and most respected law firms in the world, "should be embarrassed" because the mega-firm did not comply with local resident Mr. Kinney's subpoena fast enough.  *Above the Law* concluded the April 2020 article with the following editorial, written by Joe Patrice, who has since confessed he has never even had a client in his limited legal career:

> "The lesson here is when a party is bending over backward to make compliance as painless as possible, just go ahead and comply. Entities like K&E always worry about the precedent they might set complying third-party subpoenas willy-nilly, but rather than fight it, that's all the more reason to reach out to a cooperative party and come up with some sort of stipulation to hand over non-privileged and non-confidential documents voluntarily."
> "It's pretty simple."

Indeed, the only simple take away was that Kinney would use his economic relationship with *Above the Law* as a cudgel to help advance his litigation objectives.  Kinney, characterized in the April article about subpoenas as "cooperative" and "bending over backward" by *Above the Law* (whom he pays on a monthly basis) is simply put, not "news" in any acceptable sense of the term.

Less than a month after the April article was published Jowers' counsel DLA Piper withdrew from the case, leaving the undersigned, Robert Tauler, Esq.,  as Jowers' only counsel.  Mr. Tauler was admitted *pro hac vice* a month prior to DLA's withdrawal and Mr. Tauler did not have a local sponsor given DLA Piper's unexpected and abrupt departure.  Despite numerous efforts to obtain local counsel since that time, Jowers' counsel has been unable to find local counsel to take on the case, largely because of the salacious and degrading editorials published by *Above the Law* at the behest of one of the litigants.

**C.     The December 18, 2020 Discovery Dispute.**

On December 18, 2020, Judge Austin issued yet another discovery order making personal attacks on lawyers in the case.  This time, Judge Austin ordered that Jowers was required to obtain local counsel "licensed to practice in this District <u>and resident in the Austin Division of the Court</u>."  (emphasis added).

Four days after the December 18, 2020 discovery order was issued, *Above the Law* published yet another "benchslap" article for Kinney.  The December 22, 2020 article contained editorial content directly attacking Mr. Jowers' counsel, containing false statements and more sanctimonious editorializing:

> "Judges are generally too lenient when it comes to sanctioning bad behavior. There is a class of litigator who sees the process as an invitation to engage in wars of attrition that demean the whole system and they feel they can get away with it because no one wants to pull the trigger on sanctions. And maybe Judge Austin

will stay his hand here too, but it's clear that if he did so it would be contingent on never having to resolve another dispute like this from the parties."
(Declaration of Robert Tauler ["Tauler Dec."], Exhibit A.)

### D.        The Impact of *Above the Law's* Editorializing on the Lawsuit.

The December 22, 2020 *Above the Law* article has severely prejudiced Jowers ability to retain new counsel "residing in the Western District" for the simple reason that no attorney wants to become the subject of the next national "benchslap" article orchestrated by Mr. Kinney and executed by his hatchet-men under the guise of being a "breaking legal devlopment" of national concern.

*Above the Law's* articles have been amplified by Mr. Kinney, who has taken to social media to pronounce his virtues and the merits of his case to his thousands of contacts on LinkedIn:



Mr. Kinney, who is an attorney himself, is aware that his conduct is improper and done in bad faith. Evidence of Mr. Kinney's communications with *Above the Law* regarding the Case is necessary to support Jowers' claims of Kinney's misconduct, which impact the Case in various respects, detailed in the following section.

II.   **ARGUMENT**

A.   **Communications Between Kinney And *Above The Law* Are Not Protected From Disclosure Under the "Reporter's Privilege."**

In determining whether the federal journalist's privilege should be overcome, the Second Circuit has explained that: "to protect the important interests of reporters and the public in preserving the confidentiality of journalists' sources, disclosure may be ordered only upon a clear and specific showing that the information is: [i] highly material and relevant, [ii] necessary or critical to the maintenance of the claim, and [iii] not obtainable from other available sources." *Gonzales* v. *Nat'l Broad. Co.*, 194 F.3d 29, 31 (2d Cir. 1999) (quoting *United States v. Cutler*, 6 F.3d 67, 71 (2d Cir. 1993)); *see also, In re Petroleum Prods. Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982).

As detailed below, the federal journalist's privilege is overcome in this instance.

1.   **The Materials Sought are Highly Material and Relevant.**

The information sought by the Subpoena is highly material and relevant to support Jowers' claim for attorneys fees against Kinney for Kinney's bad faith misappropriation of trade secrets claim against Jowers. Under Section 1836(b)(3)(D) of the Federal Defense of Trade Secrets Act ("DTSA") (one of Kinney's remaining claims) a court "may" award attorneys' fees if a misappropriation claim is made in bad faith. *Dunster Live, LLC v. LoneStar Logos Management Company, LLC* (5th Cir. 2018) 908 F.3d 948, 952. Kinney has a parallel claim

under the Texas Uniform Trade Secrets Act that also provides for fees to the prevailing party if bad faith can be demonstrated. Tex. Civ. Prac. & Rem. Code § 134A.005.

Should Jowers prevail on defending against Kinney's trade secrets claims, the Court may infer bad faith from the evidence that a party "intended to cause unnecessary delay, filed the action to harass [the opposing party], or harbored an improper motive." *Gabriel Techs. Corp*., 2013 WL 410103, at *7. Bad faith may be established through circumstantial evidence. *Dunster Live, LLC v. LoneStar Logos Management Company, LLC* (5th Cir. 2018) 908 F.3d 948, 952.

Courts have consistently interpreted the term "bad faith" by borrowing from other federal laws with fee shifting provisions. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 fn.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"); See, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 643 (S.D.N.Y. 2018)(citing *Matthew Bender & Co. v. West Publ'g. Co.,* 240 F.3d 116, 124–25 (2d Cir. 2001) (a court may award fees if "a party's <u>conduct</u> is unreasonable") (emphasis original).).

Mr. Kinney's communications regarding the Case to Above the Law, particularly after the December 18, 2020 discovery order and the December 22, 2020 publication of the Above the Law article, will likely demonstrate how Kinney, a litigant and attorney in the Case, tried to influence the outcome of the case through improper channels.

## 2.    The Information Sought is Neccesssary and Critical to the Maintenance of Jowers' Claim.

The information sought is critical to Jowers' case in order to demonstrate Kinney's motives to taint the litigants and the litigation through improper and likely false or misleading communications.  Most critically, *Above the Law's* false characterizations of Mr. Jowers' and his

counsel serve one purpose and one purpose only – to render Jowers without any local counsel willing to represent him in the Case providing Mr Kinney an overt advantage at trial to prosecute his claims against a party without defense counsel.  Moreover, Kinney's communications with *Above the Law* would necessarily demonstrate "bad faith," since Mr Kinney should not be actively seeking press coverage to influence the proceedings. While *Above the Law* is correct that other publications have written about the Magistrate's various rulings involving national law firms, not one single publication has ever gone as far as *Above the Law* has by opining on the merits of the Case or the morality of the litigants.

Without Mr. Kinney and his affiliates communications with *Above the Law*, Jowers will be unable to present the full record to the Court regarding how the proceedings have been intentionally tainted, and will be prejudiced if he must represent himself in a complex federal lawsuit without a lawyer.

## 3.    The Information Sought is Not Obtainable from Other Available Sources.

Jowers attempted to obtain the same specific information sought by the Subpoena from Kinney during discovery in the Case. Jowers propounded the following document request on Kinney:

> 43. All documents or communications between you and any agent, employee, or representative of Breaking Media or Abovethelaw.com, or any of their parents, subsidiaries, or affiliates, in which Jowers's name or a reference to him appears. (Tauler Dec., Exhibit B.)

Kinney responded with objections only, did not produce any responsive documents, and has not supplemented his response:

> RESPONSE: The MWK Entities object to this Request because this Request for "documents or communications" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The

MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents and communications between [any MWK Entity] and any agent, employee, or representative of Breaking Media or Abovethelaw.com," etc., without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between Robert Kinney and specific persons identified by Jowers, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof.  (Tauler Dec., Exhibit B.)

Thus, *Above the Law* is the only source for the information sought by the Subpoena because all other sources that may possess this information have been exhausted.

## III.    **CONCLUSION**

For the foregoing reasons, Petitioner's Motion should be denied, and Petitioner ordered to comply with Jowers's Subpoena.

DATED: March 11, 2021                    TAULER SMITH LLP

By:  */s/ Robert Tauler*_____
Robert Tauler, Esq.
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
213-927-9270
rtauler@taulersmith.com
Attorneys for Respondent
Evan P. Jowers