# EXHIBIT A

MENU

Send Tips   Advertise   About

COURTS

# Judge Writes, 'To Say That This Case Is Trouble Is Like Saying 2020 Has Been Difficult'

Things promptly go downhill for defendant from there.

By JOE PATRICE

Dec 22, 2020 at 2:14 PM

MENU



In fairness to Magistrate Judge Andrew Austin, this case and his 2020 have gone hand-in-hand.

Back in April, the judge had to benchslap Kirkland & Ellis into oblivion for not only refusing to comply with a simple third-party subpoena, but then having the audacity to demand fees for their trouble. They would not receive them, but the judge would note that "K&E should be embarrassed."

But Judge Austin only had to deal with K&E because the defendant claimed he didn't control a number of documents held by the recruiting company he otherwise seems to run. Last week, Judge Austin had to deal with the underlying discovery disputes involving the defendant and it was not pretty.

Indeed, "petty" was one word the judge used. "Unprofessional" was another.

So let's dive back into the world of *MWK v. Jowers*, a dispute between the various Kinney Recruiting entities[1] and former employee Evan Jowers, and see how things are going for Judge Austin.

X

After warning the defendant in May to make good faith efforts to comply with outstanding discovery requests, he instead fired his attorneys from DLA Piper and brought on Robert Tauler, whose firm appears

MENU

sensitive trade secrets to demanding 42 hours of testimony from the same person (MWK also filed two motions for protective orders decided in this order).

To the former point, Judge Austin did his best interpretation of the Chris Rock line, "This isn't Dynasty, you work at the phone company":



> If this were a patent suit, and Kinney and Jowers were the principals of rival chip manufacturers, these would be serious issues, deserving of a careful review and analysis. But this isn't a patent suit, and Kinney and Jowers are not the principals of competing chip manufacturers—they're the principals of **attorney recruiting firms** and the material at issue is, at best, marginally sensitive and is three years old. Given all of this, there is simply no good reason any court should have to delve into precisely how much of the material Kinney should be permitted to see. Instead, this is the very sort of issue attorneys working in good faith should work out.

It's hard to imagine an industry as fast paced as attorney recruiting where the jobs are snapped up so quickly. But, sure, try to claim that emails about an employment benefits opening from 2017 are super-sensitive.

As for the depositions, Tauler filed motions for sanctions after the plaintiffs failed to appear at a pair of depositions. Except…

X



MENU

revolves around the fact that there are five MWK entities that are parties to the case—MWK (the plaintiff), as well as Counsel Unlimited LLC, Kinney Recruiting LLC, Kinney Recruiting Limited, and Recruiting Partners GP, Inc. (all of whom Jowers sued in his counterclaim). Tauler has informed MWK that, in addition to deposing Kinney individually, he also intends to take a deposition of each entity, for which Kinney will be the corporate representative. Based on this, Tauler has unabashedly insisted that he is entitled to take six depositions, each seven hours in length. With no hint of shame, Tauler recounts that when the topic of the depositions was discussed, Kinney "requested an agreement by Jowers to limit the number of those depositions—by combining and consolidating them—so that, Kinney would not need to be deposed for a separate, seven-hours long day for each of the five named entities. Jowers's counsel told him . . . that no such agreement would be acceptable."

So far, we've got "petty and unprofessional" and "with no hint of shame." Are there any others in this 19-page order? Well, we have "absurdity," "abusive, and unwarranted," "failed to provide any colorable argument," "wholesale lack of any evidence," "goes too far, "pure speculation and conspiracy-theorizing," and "a prime example of how far beyond the pale Mr. Tauler has gone in his abuse of discovery in this case." It's safe to say things aren't going great for Jowers and Tauler. In fact, Judge Austin revisits Tauler's *pro hac vice* admission and demands that local counsel be added to supervise Tauler now that the original DLA Piper attorneys have withdrawn.

X

But that's not even the worst of it:



MENU

> And, most importantly, it has diverted the scarce judicial resources of this Court from disputes far more deserving of the Court's time. In May, Jowers and Tauler were warned that there would be consequences for continuing the conduct the Court was already seeing at that point. Rather than correcting things, they both doubled down and increased their abusive approach to this case. Accordingly, no later than **January 5, 2021**, both Jowers and Tauler shall file a written brief showing cause why they should not both be sanctioned for the costs they have caused the Plaintiff and Counter-Defendants to incur to respond to the baseless motions disposed of here.

Judges are generally too lenient when it comes to sanctioning bad behavior. There is a class of litigator who sees the process as an invitation to engage in wars of attrition that demean the whole system and they feel they can get away with it because no one wants to pull the trigger on sanctions. And maybe Judge Austin will stay his hand here too, but it's clear that if he did so it would be contingent on never having to resolve another dispute like this from the parties.

Maybe it's time for these folks to lay off the herbal male enhancement pills. It's possible that they're clouding their judgment. (UPDATE: We have been informed that no one associated with Tauler Smith is actually taking the male enhancement pills — the RICO case is about Tauler Smith's litigation *against* the sellers of the pills).

*(Full order on the next page…)*

X

'Petty and Unprofessional': Judge Threatens Sanctions in Legal Recruiter Trade Secrets Case [Texas Lawyer]

 

MENU

[1] By means of full disclosure, Kinney is a longtime advertiser on this site, but that doesn't really factor into our analysis here.



*Joe Patrice is a senior editor at Above the Law and co-host of Thinking Like A Lawyer. Feel free to email any tips, questions, or comments. Follow him on Twitter if you're interested in law, politics, and a healthy dose of college sports news. Joe also serves as a Managing Director at RPN Executive Search.*

1   2   NEXT »

 

**TOPICS**

Courts, Headhunters / Recruiters, Legal Ethics, Legal Recruiting

X

MENU

## Sign up for our newsletter.

Your email address*     Subscribe

- ☑ News (daily updates)
- ☑ Partner Issues
- ☑ Small Law Firms
- ☑ In-House Counsel
- ☑ Legal Technology
- ☑ Law Schools
- ☐ ATL Trivia

We will never sell or share your information without your consent. See our privacy policy.

**FROM THE ABOVE THE LAW NETWORK**

**Amid Disaster, Clients & Lawyers Align On Priorities: Top 5 Takeaways From The 2020 Clio Legal Trends Report**
LAWLINE CLE

**Industry Report: Survival or Evolution Report**
ABOVE THE LAW AND ABACUSNEXT

**Does The Cloud Offer More Security?**
THOMSON REUTERS

**How to Work Remotely With Full Matter and Case Management Functionality**
ADVOLOGIX

x

MENU

Future of Commercial Contracts – 12/18 Webinar
ABOVE THE LAW AND LAWTRADES

Are You Helping Or Hindering Your Firm's Financial Performance? Quiz.
ABOVE THE LAW AND PWC

Driving Efficiency In Law Firm Accounting
ABOVE THE LAW & PWC

Where on Your Priority List is CLE? Tell us in a Flashpoll.
ABOVE THE LAW

---

### NEWSLETTER SIGNUP

Subscribe and get breaking news, commentary, and opinions on law firms, lawyers, law schools, lawsuits, judges, and more.

Submit

We will never sell or share your information without your consent. See our privacy policy.

Advertise    About    Newsletter

### OUR SITES

X


MENU













© 2020 Breaking Media, Inc. All rights reserved. Registration or use of this site constitutes acceptance of our Terms of Service and Privacy Policy.

Do Not Sell My Personal Information

X