# EXHIBIT B

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

|  |  |
|---|---|
| **MWK RECRUITING, INC,**<br><br>Plaintiff<br><br>v.<br><br>**EVAN P. JOWERS, YULIYA VINOKUROVA, LEGIS VENTURES (HK) COMPANY LIMITED, AND ALEJANDRO VARGAS,**<br><br>Defendants | **Case No. 1:18-cv-00444-RP** |
| **EVAN P. JOWERS,**<br><br>Counterclaimant<br><br>v.<br><br>**MWK RECRUITING, INC.,**<br>**ROBERT E. KINNEY,**<br>**MICHELLE W. KINNEY,**<br>**RECRUITING PARTNERS GP, INC.,** |  |

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 1

**KINNEY RECRUITING LLC,**

**COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED,**

Counterdefendants

## MWK ENTITIES' OBJECTIONS AND RESPONSES TO DEFENDANT/ COUNTERCLAIMANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff MWK Recruiting, Inc. ("MWK" or "Plaintiff") and the Counterdefendants (collectively, the "MWK Entities"), by and through their attorneys, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, respond and object to Defendant/Counterclaimant's First Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

1.      The MWK Entities' document production is made pursuant to and governed by the Confidentiality and Protective Order, signed by the parties and so ordered by the Court on February 25, 2019.

2.      The MWK Entities' investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, the MWK Entities' right to rely on other facts or documents at trial.

3.      By making the accompanying responses and objections to Defendant's requests for documents and interrogatory, the MWK Entities do not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, the MWK Entities make the responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

4.      The MWK Entities will produce responsive documents only to the extent that such documents are in the MWK Entities' possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. The MWK Entities' possession, custody, or control does not include any constructive possession that may be conferred by the MWK Entities' right or power to compel the production of documents or information from third parties.

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 2

5.      A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that the MWK Entities performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that the MWK Entities acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that the MWK Entities waive any defenses including the statute of limitations.

6.      The MWK Entities expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS:

1.      The MWK Entities object to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      The MWK Entities object to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by MWK Entities occur, it is inadvertent and shall not constitute a waiver of any privilege.

3.      To the extent any of Defendant's document requests or its interrogatory seek documents or answers that include expert material, including but not limited to survey materials, the MWK Entities object to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

4.      The MWK Entities incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, the MWK Entities do not waive its right to amend its responses.

5.      The MWK Entities object to all individual requests herein, as they do not comply with the "reasonable particularity" requirement of Rule 34(b)(1).

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK
ENTITIES**—Page 3

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    The MWK Entities object to Definition No. 16 regarding "document" or "documents" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure 34 and Local Court Rule CV-26(b). The MWK Entities further object to Definition No. 16 to the extent that it calls for documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

2.    The MWK Entities object to Instruction No. 6 regarding constructive possession as it seeks to impose obligations greater than those set forth in the Federal Rules of Civil Procedure 34 and exceeds the understanding of "possession, custody, or control" as laid out in Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812 (5th Cir. 2004).

3.    The MWK Entities object to Instruction No. 9 because the parties have not reached an agreement on search terms and date ranges.

4.    The MWK Entities object to Instruction No. 10 because the parties have not reached an agreement on the manner of collection of electronic documents, particularly the use of ESI vendors and other software.

5.    The MWK Entities object to Instruction No. 11 because the parties have not reached an agreement on the manner of production, including the production of native files and preservation of metadata.


## SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS


1.    All documents or communications that you contend support any of your answers to Defendant/Counterclaimant's First Set of Interrogatories.

RESPONSE: The MWK Entities object to the request because it is vague, ambiguous, overly broad, and unduly burdensome in that they seek all documents that would support any of their answers to Jowers's First Set of Interrogatories. Because this Request incorporates Jowers's Interrogatories by reference, the MWK Entities incorporate their objections to those interrogatories by reference as well. The MWK Entities will instead produce documents that they may use to support their answers to Jowers's First Set of Interrogatories.  The MWK Entities are producing certain documents of even date with these responses and objections, and will produce further documents as they are located during a thorough and diligent search.

2.    All documents or communications relied on or reviewed in preparing your answers to Defendant/Counterclaimant's First Set of Interrogatories.

**RESPONSE:** The MWK Entities object to the request because it is vague, ambiguous, overly broad, and unduly burdensome in that they seek all documents reviewed in preparing answers to Jowers's First Set of Interrogatories. Because this Request incorporates Jowers's Interrogatories by reference, the MWK Entities incorporate their objections to those interrogatories by reference as well. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time. The MWK Entities will instead produce documents that they may use to support their answers to Jowers's First Set of Interrogatories.

3.      All documents or communications concerning any loan you made to Jowers, including but not limited to the Revolving Loan Agreement and the 2012 Forgivable Loan, as those terms are defined in your Complaint. Include all documents or communications reflecting any unpaid balances allegedly owed by Jowers.

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications concerning any" loans is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. To the extent that this Request seeks information about loans that are not at issue in this case, the MWK Entities object because the request seeks irrelevant information. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Notwithstanding these objections, the MWK Entities will produce any draft versions of the Revolving Loan Agreement in their possession as soon as practicable after service of the MWK Entities' Responses and Objections.

4.      All documents or communications related to the negotiation or execution of the Revolving Loan Agreement (as defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications related to" the "negotiation or execution" of the Revolving Loan Agreement is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Notwithstanding

these objections, the MWK Entities will produce any draft versions of the Revolving Loan Agreement in our possession within 14 days of service of these Responses and Objections.

5.       All documents or communications related to any attempt to collect on or enforce  the Revolving Loan Agreement (as defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications related to any attempt" to collect on the Revolving Loan Agreement is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The words "any attempt" require clarification. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Notwithstanding the foregoing objections, the MWK Entities answer that this lawsuit is their first attempt to collect on the Revolving Loan Agreement and Jowers should see the Second Amended Complaint.

6.       All accounting records relating to the Revolving Loan Agreement (as defined in  the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this request for "accounting records relating to" the Revolving Loan Agreement is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities respond that they will interpret this as a request for an accounting of payments and disbursements made under the Revolving Loan Agreement and refer Jowers to his paystub and commission spreadsheet records, a copy of which will be produced with these Responses and Objections or within 14 days of service of same.

7.       All documents or communications relating to the balance on or calculation of  amounts due under the Revolving Loan Agreement (as defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications relating to the balance on" the Revolving Loan Agreement is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive material. The MWK Entities will interpret this Request as a request for an accounting of payments and disbursements made under the Revolving Loan Agreement and refer Jowers to his paystub and commission spreadsheet records, a copy of which will be produced with these Responses and Objections or within 14 days of service of same.

8.      All documents or communications related to the negotiation or execution of the 2012 Forgivable Loan (as defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications related to" the "negotiation or execution" of the 2012 Forgivable Loan is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Notwithstanding these objections, we will produce any draft versions of the Revolving Loan Agreement in our possession as soon as practicable.

9.      All documents or communications related to any attempt to collect on or enforce the 2012 Forgivable Loan (as defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications related to any attempt" to collect on the 2012 Forgivable Loan is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The words "any attempt" require clarification. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Notwithstanding the foregoing objections, the MWK Entities answer that this lawsuit is their first attempt to collect on the 2012 Forgivable Loan and Jowers should see the Second Amended Complaint.

10.      All accounting records relating to the 2012 Forgivable Loan (as defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this request for "accounting records relating to" the 2012 Forgivable Loan is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities respond that they will interpret this as a request for an accounting of payments and disbursements made under the 2012 Forgivable Loan and refer Jowers to the paystub records to be produced with these Responses and Objections or within 14 days of service of same.

11.      All documents or communications relating to the balance on or calculation of amounts due under the 2012 Forgivable Loan (as defined in the Complaint).

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 7

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications relating to the balance on" the 2012 Forgivable Loan is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive material. The MWK Entities will interpret this Request as a request for an accounting of payments and disbursements made under the 2012 Forgivable Loan and refer Jowers to his paystub and commission spreadsheet records, a copy of which will be produced with these Responses and Objections or within 14 days of service of same.

12.     All documents or communications concerning Jowers's salary or other compensation (e.g., bonuses, reimbursements, performance compensation, etc.).

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications concerning" Jowers's "salary of other compensation" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive material. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. The MWK Entities refer Jowers to his 2006 Employment Agreement and will produce documents evidencing amendments to Jowers's base and bonus compensation such as can be located after a diligent search.

13.     The original, digital copy of the First Assignment (as defined in the Complaint).

**RESPONSE:** The MWK Entities object and are unable to formulate a response because the term "original, digital copy" is vague, ambiguous, and not sufficiently defined to allow Jowers to conduct a reasonable search for responsive materials. This request also appears to seek irrelevant information for which the burden and expense of production is outweighed by the complete lack of any benefit to Jowers in supporting any of his claims or defenses and is, therefore, unduly burdensome.

14.     The original, digital copy of the Second Assignment (as defined in the Complaint).

**RESPONSE:** The MWK Entities object and are unable to formulate a response because the term "original, digital copy" is vague, ambiguous, and not sufficiently defined to allow Jowers to conduct a reasonable search for responsive materials. This request also appears to seek irrelevant information for which the burden and expense of production is outweighed by the complete lack of any benefit to Jowers in supporting any of his claims or defenses and is, therefore, unduly burdensome.

15.     The original, digital copy of the Third Assignment (as defined in the Complaint).

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 8

**RESPONSE:** The MWK Entities object and are unable to formulate a response because the term "original, digital copy" is vague, ambiguous, and not sufficiently defined to allow Jowers to conduct a reasonable search for responsive materials. This request also appears to seek irrelevant information for which the burden and expense of production is outweighed by the complete lack of any benefit to Jowers in supporting any of his claims or defenses and is, therefore, unduly burdensome.

16.    The original, digital copy of the Fourth Assignment (as defined in the Complaint).

**RESPONSE:** The MWK Entities object and are unable to formulate a response because the term "original, digital copy" is vague, ambiguous, and not sufficiently defined to allow Jowers to conduct a reasonable search for responsive materials. This request also appears to seek irrelevant information for which the burden and expense of production is outweighed by the complete lack of any benefit to Jowers in supporting any of his claims or defenses and is, therefore, unduly burdensome.

17.    All documents or communications representing all trade secrets or confidential information you claim Jowers has misappropriated. Specifically identify each document or communication.

**RESPONSE:** The MWK Entities object to this Request because this request because "documents or communications representing" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive material. The MWK Entities also object to the extent that this Request seeks privileged communications or work product and will not produce documents so privileged, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. The MWK Entities are still in the process of discovering all of the trade secrets and confidential information misappropriated by Jowers and will produce responsive documents supporting their claims in this matter after a diligent search, currently anticipated to be within 14 days of the date of service of these Responses and Objections. The MWK Entities refer to the production received from Latham & Watkins pursuant to MWK's subpoena, produced to Jowers's counsel January 29, 2020. Further responsive documents will be produced as soon as practicable; however, the MWK Entities object to the request's direction to specifically identify the documents as the documents already speak for themselves.

18.    All documents or communications reflecting every instance in which Jowers accessed any database(s) that you contend contain trade secrets or confidential information.

**RESPONSE:** The MWK Entities object to this Request because this request for "documents or communications reflecting every instance" of Jowers's accessing the MWK Entities' databases is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive material. The MWK

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 9

Entities possess records of some of Jowers's and Vinokurova's logins to MWK's Salesforce database and will produce such records herewith or, if not, then within 14 days of the date hereof. Further, communications between Jowers and his fellow employees at Kinney Recruiting contained trade secrets and confidential information in each instance in which those communications referred to candidates' or clients' needs, desires, and confidential information. To the extent that this request seeks evidence of every such communication, this Request is overbroad and MWK will not respond, but the MWK Entities will produce such records as are available after conferring with Jowers's counsel regarding reasonable search parameters and conducting a diligent search.

19.     All documents or communications pertaining to all of your policies or practices  related to the protection of trade secrets or confidential information.

**RESPONSE:**  MWK Entities object that "documents or communications pertaining to" is vague, ambiguous, and overbroad to the extent it requests evidence of every communication between management of the MWK Entities and its employees related to policies and practices related to protection of trade secrets. To the extent that this request seeks copies of other employees' employment agreements, it is overbroad and seeks irrelevant information, and the MWK Entities will not produce such records unless Jowers's counsel can articulate a relevant basis for forcing such production. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Responsive documents include the employment agreement signed by Jowers, which is already in his possession and of record in this case. Further relevant, non-privileged responsive documents such as are able to be located after diligent search will be produced as soon as practicable.

20.     Copies of all employment policies and employee handbooks in effect on December 16, 2016, including but not limited to any policies relating to retention of e-mails upon termination of employment.

**RESPONSE:** MWK Entities object that "policies and employee handbooks" is vague, ambiguous, and overbroad to the extent it requests evidence of every communication between management of the MWK Entities and its employees related to its expectations regarding retention of emails upon termination of employment. This Request's use of "retention of e-mails" is also ambiguous in that it is unclear whose retention of email is meant. MWK Entities respond that they did not have any officially published employee manual or handbooks in effect on December 16, 2016, but they will conduct a diligent search related to communications conveying expectations regarding email message

retention after conferring with Jowers's counsel regarding relevant keyword searches and will provide such responsive material thereafter within 14 days.

21.    All documents or communications evidencing the purported value of the trade secrets you contend that Jowers has misappropriated.

**RESPONSE:** The MWK Entities object to the Request for "all documents or communications evidencing" the value of a candidate placement because it is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities further object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. The MWK Entities respond that they will instead produce documents that they may use to support their contention that the candidate identities and other information Jowers had when he departed the employment of Kinney Recruiting LLC were valuable property of the MWK Entities.

22.    All documents or communications between you and James Chang.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] and James Chang" without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between James Chang and Robert Kinney, if any, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof.

23.    All documents or communications between you and Longhao Zhang.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] and Longhao Zhang" without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between Longhao Zhang and Robert Kinney, if any, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof.

24.     All documents or communications between you and Richard Han.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] and Richard Han" without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between Richard Han and Robert Kinney, if any, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof. Subject to these objections, the MWK Entities are not aware of any responsive documents but if any are found they will be produced as soon as practicable after the date of the MWK Entities' Responses and Objections.

25.     All documents or communications between you and Pamela Usukumah.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] and Pamela Usukumah" without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between Robert Kinney and Pamela Usukumah, if any, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof.

26.     All documents or communications between you and Claudia Lau.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] and Claudia Lau" without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between Robert Kinney and Claudia Lau, if any, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days

of the date hereof. Subject to the foregoing, the MWK Entities respond that there was no person by this name present in the MWK Entities' relevant databases after a diligent search, but that there may be documents related to someone named Claudia Lai, and the MWK Entities will read this request to refer to Claudia Lai.

27.     All documents or communications between you and Xiao Zhang.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] and Xiao Zhang" without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between Robert Kinney and Xiao Zhang, if any, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof.

28.     All documents or communications between you and any agent or representative of Kirkland & Ellis LLP concerning or relating to Jowers, any candidate allegedly placed by Jowers, or any candidate that Jowers attempted to place.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you….relating to" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity]" and "any agent or representative" of Kirkland & Ellis, without sufficiently limiting or defining the subject matter of the documents or communications and the timing of same. Discovery regarding what candidates were placed by Jowers at Kirkland & Ellis after he left Kinney Recruiting is still ongoing. The MWK Entities respond that they will instead produce documents that reflect communications between Robert Kinney and the General Counsel's office of Kirkland & Ellis, if any, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof.

29.     All documents or communications between you and any agent or representative of any law firm from January 1, 2016, to present concerning or relating to Jowers, any wrongdoing you allege against Jowers, Jowers's work performance, any candidate allegedly placed by Jowers, or any candidate that Jowers allegedly attempted to place.

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 13

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you and any agent…of any law firm" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] each and every law firm that "relates" in any way to Jowers, without limiting or defining the subject matter of the documents or communications. The MWK Entities object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Subject to the foregoing objections, the MWK Entities respond that they will instead use keyword searches agreed between the parties to locate and produce non-privileged documents related to the issues, claims, and defenses in this case, which mention Jowers and were sent to or received from law firm agents or representatives identified specifically by Jowers.

30.     All documents or communications that discuss or refer to Jowers, Legis Ventures,  Jowers/Vargas, Yuliya Vinokurova, or Alejandro Vargas from January 1, 2016, to present.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications that discuss or refer to" Jowers, Legis Ventures, Jowers/Vargas, Yuliya Vinokurova, or Alejandro Vargas is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it does not limit the requested documents or communications to those that were sent by any of the MWK Entities. The MWK Entities respond that they will instead use keyword searches agreed between the parties to locate and produce non-privileged documents related to the issues, claims, and defenses in this case, which mention relevant parties, and were transmitted by one of the MWK Entities but not by Jowers or Vinokurova.

31.     All documents or communications between you and any attorney candidate that discuss or refer to Jowers, Legis Ventures, Jowers/Vargas, Yuliya Vinokurova, or Alejandro  Vargas from January 1, 2016, to present.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you and any" attorney candidate is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request

as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] each and every attorney candidate that might "refer to" any of the noted parties. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Subject to the foregoing objections, the MWK Entities respond that they will instead use keyword searches agreed between the parties to locate and produce non-privileged documents related to the issues, claims, and defenses in this case, which mention any relevant party and were sent to or received from persons who are identified specifically by Jowers.

32.    All documents or communications between you and Jowers between January 1, 2006, and December 31, 2006.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications between you and Jowers" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents or communications between [each and every MWK Entity] and Jowers." Subject to the foregoing objection, the MWK Entities have located email communications between Kinney and Jowers during this time period and these are being reviewed for privilege and will be produced as soon as practicable, currently anticipated to be within 14 days of the date hereof, insofar as they relate to any of the issues, claims, or defenses in this case.

33.    All documents or communications related to the negotiation and execution of the Jowers Agreement (as defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications related to" the negotiation and execution of the Jowers Agreement is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. This request also appears to seek irrelevant information in that communications between Jowers and the MWK Entities ten years before Jowers's resignation do not appear to be related to any claim, issue or defense in this case. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Subject to the foregoing objection, the MWK Entities have located communications between Kinney and Jowers during this time period and these are being

reviewed for privilege and will be produced as soon as practicable following service of these Responses and Objections, currently anticipated to be within 14 days.

34.     All documents or communications related to the alleged MWK Candidates (as  defined in the Complaint).

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications related to" the MWK Candidates is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. This request is also not reasonably limited in time or with regard to the sender/recipient, or type of communication, and is thus overbroad. This request also seeks irrelevant information to the extent that it seeks documents or communications related to the MWK Entities efforts to mitigate the damages caused by Jowers by using a third party to send out candidates. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. This request is overbroad to the extent that it requests evidence of internal communications between MWK Entity representatives and/or their counsel related to the MWK Candidates. Subject to the foregoing, relevant responsive documents reflecting communications with clients regarding the MWK Candidates and with the MWK Candidates themselves (James Chang, Longhao Zhang, Richard Han, Pamela U, Claudia Lau, and Xiao Zhang) will be produced within 14 days after service of the MWK Entities' Responses and Objections.

35.     All documents or communications related to any candidate or placement that you  contend breached any contract at issue in this Lawsuit.

**RESPONSE:** The MWK Entities object to this Request because this Request for documents or communications related to "any candidate or placement that…breached" any contract at issue in this lawsuit is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. This request is also not reasonably limited in time or with regard to the sender/recipient, or type of communication, and is thus overbroad. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. The MWK Entities are unable to formulate a response or conduct a reasonable search for documents responsive to this request, but will meet and confer regarding relevant keyword searches that may be conducted to limit

the documents and communications sought and will produce relevant, responsive documents within 14 days.

36.    All documents or communications related to any advancement of funds to Jowers,  whether styled as a "loan," as an "advance," or any other classification.

**RESPONSE:** This request is overbroad and unduly burdensome to the extent that it requests irrelevant internal communications related to funds advanced to Jowers. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Subject to the foregoing, the MWK Entities have isolated all email messages between relevant parties with whom Jowers dealt related to requests for advancement of funds and draws on his loans. These documents are being reviewed for privilege and non-privileged responsive documents will be produced as soon as practicable after the date of the MWK Entities' Responses and Objections, currently anticipated to be within 14 days of the date hereof.

37.    All documents or communications concerning the restrictive covenants contained  in the Jowers Agreement.

**RESPONSE:** This request is overbroad and unduly burdensome to the extent it requests parole evidence related to the restrictive covenants. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. The MWK Entities have preserved all communications between Jowers and Kinney who are the signatories to the document containing the restrictive covenants. They are being reviewed for privilege and responsive documents will be produced within 14 days after service of the MWK Entities' Responses and Objections.

38.    All documents or communications between you and any other person (other than  a person acting as your legal counsel) concerning any threatened or filed lawsuit involving  you  from 2006 to present.

**RESPONSE:** The MWK Entities object to the Request because the documents requested are not relevant to any claim or defense and the MWK Entities will withhold production of documents responsive to this Request on this basis until a relevant basis for the Request that outweighs its significant burden is articulated. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis,

and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

39.    All documents or communications evidencing any transfer of assets between or  among any of the Counter-defendants, including Kinney personally.

**RESPONSE:** The MWK Entities object to the Request because the documents requested are not relevant to any claim or defense and the MWK Entities will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

40.    All documents or communications concerning your decision to temporarily freeze  payroll in 2012.

**RESPONSE:** The MWK Entities object to this Request because the words "temporarily freeze payroll" are vague, ambiguous, and not sufficiently defined to permit the MWK Entities to formulate a response. Further, the MWK Entities object to the extent that the documents and communications are not relevant to any claim, issue, or defense in this lawsuit. Moreover, the request is vague and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents. Subject to the foregoing, the MWK Entities' counsel will meet and confer with Jowers's counsel to attempt to determine what keyword searches of relevant information might produce responsive documents.

41.    All documents or communications evidencing the ownership structure of the Kinney Entities and any other entity in which Kinney or Michelle W. Kinney is an owner,  member, officer, director, manager, principal, or agent.

**RESPONSE:** The MWK Entities object to the request because the documents requested are not relevant to any claim or defense and the MWK Entities will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated. Moreover, the request is overbroad and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents. To the extent Jowers seeks irrelevant documents, this request is unduly burdensome. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 18

42.     All documents or communications reflecting any payment or reimbursement by Jowers of marketing expenses related to Abovethelaw.com or any of its parents, subsidiaries, or affiliates during 2008 and 2009. For the purposes of this request, "payment" and "reimbursement" include, without limitation, deductions from commissions earned.

> **RESPONSE:** The MWK Entities object to this Request because "payment or reimbursement by Jowers of marketing expenses" is not sufficiently defined to permit the MWK Entities to conduct a reasonable search for relevant documents or communications. Further, the Request does not appear to seek production of documents requested or communications that are not related to any issue, claim, or defense. Subject to the foregoing, the MWK Entities will meet and confer in order to determine what specific documents Jowers is seeking and will conduct keyword searches in order to determine if there are relevant documents or communications.

43.     All documents or communications between you and any agent, employee, or representative of Breaking Media or Abovethelaw.com, or any of their parents, subsidiaries, or affiliates, in which Jowers's name or a reference to him appears.

> **RESPONSE:** The MWK Entities object to this Request because this Request for "documents or communications" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities also object to this Request as overbroad and not limited to the relevant issues in this case because it seeks "all documents and communications between [any MWK Entity] and any agent, employee, or representative of Breaking Media or Abovethelaw.com," etc., without limiting or defining the subject matter of the documents or communications. The MWK Entities respond that they will instead produce documents that reflect communications between Robert Kinney and specific persons identified by Jowers, limited to the issues, claims, and defenses in this case, that can be located after a reasonable and diligent search, and will do so within 14 days of the date hereof.

44.     All documents or communications concerning or relating to a written employment agreement between Kinney Recruiting HK and Jowers, whether in draft or final form.

> **RESPONSE:** The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Responsive documents will be produced within 14 days after service of the MWK Entities' Responses and Objections.

45.      All documents or communications concerning an actual or potential Hong Kong  work visa for Jowers, or an actual or potential application for a Hong Kong work visa for Jowers.

> **RESPONSE:** The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Plaintiff objects to the request because the documents requested are not relevant to any claim or defense, and will withold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

46.      All documents or communications related to Hong Kong office expenses, including but not limited to: (i) efforts to obtain an office and any payment of rents for office  space, (ii) payment of Jowers's housing costs, (iii) payment of Jowers's work-related expenses,  such as travel or client entertainment, and (iv) discussions concerning a subsidy on housing costs  in lieu of office rent.

> **RESPONSE:**  With respect to 46(i), the request is overbroad and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents. With respect to 46(ii), responsive documents will be produced within 14 days after service of the MWK Entities' Responses and Objections. With respect to 46(iii), responsive documents will be produced within 14 days after service of the MWK Entities' Responses and Objections. With respect to 46(iv), the request is vague and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents.

47.      All documents or communications between you and anyone else concerning your  decision in 2009 to reduce Jowers's commission to a flat fee of 45%.

> **RESPONSE:** The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..  The MWK Entities object to the request because the documents requested, specifically 2009 documents or communications, are not relevant to any claim or defense. The MWK Entities will nevertheless conduct a diligent search within 14 days and provide any responsive documents.

48.      All documents or communications relating to any change in Jowers's commission  rate from 2006 through 2016.

**RESPONSE:** With respect to documents or communications from 2012-2016, responsive documents will be produced within 14 days after service of the MWK Entities' Responses and Objections. With respect to documents or communications from 2006-2012, the MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated. As such, the request is overbroad and unduly burdensome. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

49.     All documents or communications reflecting how the Hui Xu placement fee was distributed after it was received in 2016, including how Jowers's $48,000 commission  was  accounted for.

**RESPONSE:** The MWK Entities object to this request because it is vague in that "how the …placement fee was distributed" is vague, ambiguous, and potentially overbroad. Further, the reference to $48,000 is vague and ambiguous in its origins. Subject to the foregoing, responsive documents related to how any relevant commissions paid for the placement of Hui Zhu will be produced within 14 days after service of the MWK Entities' Responses and Objections.

50.     All documents or communications related to the placement of Lisa Berger, including all documents or communications related to Jowers's commission for same.

**RESPONSE:** This Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

51.     All documents or communications related to the placement of Deborah Im, including all documents or communications related to Jowers's commission for same.

**RESPONSE:** This Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents

relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

52.     All documents or communications related to the placement of Po Ying Lo, including all documents or communications related to Jowers's commission for same.

**RESPONSE:** This Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

53.     All documents or communications related to the placement of Fang Xu, including  all documents or communications related to Jowers's commission for the same.

**RESPONSE:** The MWK Entities are not in possession of any information related to a candidate named Fang Xu. To the extent that this Request was meant to refer to Fang Xue, placed by Kinney Recruiting at Gibson Dunn in Beijing in 2013, this Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to on any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

54.     All documents or communications related to the placement of Dan Ouyang, including all documents or communications related to Jowers's commission for the same.

**RESPONSE:** This Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

55.     All documents or communications related to the placement of Ben Carale, including all documents or communications related to Jowers's commission for the same.

**RESPONSE:** This Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a

candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

56.     All documents or communications related to the placement of David Blumenthal,  including all documents or communications related to Jowers's commission for the same.

**RESPONSE:** The MWK Entities are not in possession of any information related to a candidate named David Blumenthal. To the extent that this Request was meant to refer to David Blumental, placed by Kinney Recruiting at Latham & Watkins in its Hong Kong office in March 2014, this Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

57.     All documents or communications related to the placement of Caitrin McKiernan,  including all documents or communications related to Jowers's commission for the same.

**RESPONSE:** This Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

58.     All documents or communications related to the placement of Alpasan Basaran,  including all documents or communications related to Jowers's commission for the same.

**RESPONSE:** The MWK Entities are not in possession of any information related to a candidate named Alpasan Basaran. To the extent that this Request was meant to refer to Alpaslan Basaran, placed by Robert Kinney and Daniel Roark at Pepper Hamilton in New York in 2016, this Request is overbroad and unduly burdensome to the extent that it seeks all "documents and communications" related in any way to the placement of a candidate whose placement is not at issue in this lawsuit. The Request also seeks

information that is not relevant to any issue, claim, or defense in this lawsuit. Subject to the foregoing, the MWK Entities have conducted a search and responsive documents relevant to issues, claims, or defenses in this lawsuit will be produced within 14 days after service of the MWK Entities' Responses and Objections.

59.     All documents or communications reflecting commissions earned by Jowers during his employment or work for any of the Kinney Entities, including when those amounts were earned, when they were paid to Jowers, and at what rate they were paid.

**RESPONSE:** The request is overbroad and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

60.     All communications between you and Jowers from July 1, 2016, through December 31, 2016.

**RESPONSE:** The request is overbroad and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents. The MWK Entities have preserved all email and chat communications between Jowers, Vinokurova, and employees of the MWK Entities during the referenced time period and will produce responsive documents reasonably limited by keyword searches.

61.     All documents or communications concerning your decision to remove Jowers from payroll.

**RESPONSE:** The request is vague and ambiguous and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Subject to the foregoing objections, the MWK Entities respond that they did not remove Jowers from payroll until he resigned, after which they discovered his thefts and breaches of contract.

62.     All documents or communications between you and Meng Ding from December 16, 2016, to present.

**RESPONSE:** Responsive documents will be produced within 14 days after service of the MWK Entities' Responses and Objections.

63.     All documents or communications from December 16, 2016, to present, between you and any attorney candidate that you claim Jowers worked with in violation of a non- solicitation agreement or any other restrictive covenant.

**RESPONSE:** Responsive documents will be produced within 14 days after service of the MWK Entities' Responses and Objections.

64.     All documents or communications from May 2006 to present concerning Jowers's health and/or the effects of his work schedule on his physical or mental well-being.

**RESPONSE:** The MWK Entities object to the Request because "concerning Jowers's health" is vague and ambiguous. Further, the MWK Entities object to this Request because the documents and communications requested are not relevant to any issue, claim or defense in this lawsuit, especially when there are no claims for physical or mental injury.

65.     All documents or communications from May 2006 to present between you and any employee of the Kinney Entities concerning or relating to non-solicitation, non- competition agreements, and/or any other restrictive covenant contained in agreements with such  employee's former employer.

**RESPONSE:** The MWK Entities object to this Request because the Request is ambiguous as to the parties to the agreements it references. The MWK Entities further object to the request because the documents requested are not relevant to any issue, claim or defense in this lawsuit. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

66.     For each and every placement of an attorney candidate in Asia prior to May 1, 2006, documents sufficient to show: (i) the identity of the employees or attorney recruiters who  submitted and/or represented each candidate; and (ii) the identity of the attorney candidate and  the position and firm or company into which the candidate was placed.

**RESPONSE:** The MWK Entities object to this Request because this Request for "documents sufficient to show" the matters listed is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. Further, "an attorney candidate in Asia" is also vague, ambiguous, and not sufficiently so defined.  The MWK Entities also object to this Request to the extent it seeks documents that are not relevant to any issue, claim, or defense in this lawsuit.  Moreover, the request is overbroad and thus the MWK Entities are unable to

formulate a response or conduct a reasonable search for documents. This Request requires reformulation.

67.     For each and every placement of an attorney candidate in Asia between May 1, 2006, and December 16, 2016, documents sufficient to show: (i) the identity of the employees or attorney recruiters who submitted and/or represented each candidate; (ii) the identity of the attorney candidate and the position and firm or company into which the candidate was placed; (iii) the amount received in compensation for such placement; and (iv) the amount of commission (or other payments) paid to any employee or attorney recruiter for such placement.

> **RESPONSE:** The MWK Entities object to this Request because this Request for "documents sufficient to show" the matters listed is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. Further, "an attorney candidate in Asia" is also vague, ambiguous, and not sufficiently so defined. The MWK Entities also object to this Request to the extent it seeks documents that are not relevant to any issue, claim, or defense in this lawsuit. Moreover, the request is overbroad and thus the MWK Entities are unable to formulate a response or conduct a reasonable search for documents. This Request requires reformulation.

68.     For each and every placement of an attorney candidate in Asia from December 16, 2016 to present, documents sufficient to show: (i) the identity of the employees or attorney recruiters who submitted and/or represented each candidate; and (ii) the identity of the attorney candidate and the position and firm or company into which the candidate was placed.

> **RESPONSE:** The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

69.     All documents or communications with any employee or attorney recruiter concerning the failure or alleged failure to pay any commission (or other payment) to such employee or attorney recruiter after the termination of such person's employment or relationship with any of the Kinney Entities.

> **RESPONSE:** The MWK Entities object to this Request because "failure to pay any commission" is ambiguous, vague, and thus unable to provide the basis for a proper search for responsive documents or communications. To the extent that this Request seeks all documents or communications related to any situation in which any former MWK Entity employee was disgruntled regarding his or her compensation upon termination of employment, this Request is also overbroad and the burden and expense of

producing it outweighs any possible benefit to Jowers as it is not relevant to any issue, claim or defense in this lawsuit. The MWK Entities will not respond to this request regarding any recruiter other than Evan Jowers unless Jowers can articulate a rationale need for this information that outweighs the burden and expense of producing it.

70.      All documents or communications between you and Steven Holzman regarding  any dispute or disagreement over the payment of any amount arising out of or related to  the  placement of an attorney candidate.

> **RESPONSE:** The MWK Entities object to this Request because "any dispute or disagreement" is ambiguous, vague, and thus unable to provide the basis for a proper search for responsive documents or communications. To the extent that this Request seeks all documents related to any disagreement Mr. Holzman had with management at MWK Entity related to the timing of payment of his commissions or his allocation of credit on individual transactions vis-à-vis other recruiters with whom he shared credit, this Request is also overbroad and the burden of responding to it outweighs any possible benefit to Jowers in obtaining this information as Mr. Holzman's issues are not relevant to any issue, claim or defense in this lawsuit. The MWK Entities will not respond to this request on this basis

71.      All documents or communications between you and Alexis Lamb between August  1, 2012, and March 1, 2013.

> **RESPONSE:** The MWK Entities object to the Request because it is overly broad and thus unduly burdensome. Further, the MWK Entities object because the documents requested could possibly be relevant to any issue, claim or defense in this lawsuit. The MWK Entities will not respond to this request on this basis

72.      All documents or communications between you and any person regarding Alexis  Lamb between August 1, 2012, and March 1, 2013.

> **RESPONSE:** The MWK Entities object to this Request because "all documents or communications" with "any person" related to Alexis Lamb is overbroad, ambiguous, vague, and thus unable to provide the basis for a proper search for responsive documents or communications. Additionally, the MWK Entities object because the documents and communications requested are burdensome and expensive to gather and review and not relevant to any issue, claim or defense in this lawsuit. The MWK Entities will not respond to this request on this basis. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

73.    All documents or communications between you and Danielle Cyr between January 1, 2016, and December 31, 2016.

**RESPONSE:** The MWK Entities object to the Request because it is overly broad and thus unduly burdensome. Further, it is not evident how the documents requested could be relevant to any issue, claim or defense in this lawsuit, yet they are burdensome and expensive to gather and review. The MWK Entities will not respond to this request.

74.    All documents or communications between you and any person regarding Danielle Cyr between January 1, 2016, and December 31, 2016.

**RESPONSE:** The MWK Entities object to this Request because "all documents or communications" with "any person" related to Danielle Cyr is overbroad, ambiguous, vague, and thus unable to provide the basis for a proper search for responsive documents or communications. Additionally, the MWK Entities object because the documents and communications requested are burdensome and expensive to gather and not possibly relevant to any issue, claim or defense in this lawsuit. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

75.    All documents or communications between you and Peter Gutensohn after his departure from the Kinney Entities concerning or relating to profit sharing and/or your efforts to negotiate the amount of profit sharing owed to him.

**RESPONSE:** The MWK Entities object to this Request because "concerning or relating to profit sharing and/or your efforts to negotiate the amount of profit sharing" is ambiguous, vague, and thus unable to provide the basis for a proper search for responsive documents or communications. To the extent that this Request seeks all documents related to communications between the MWK Entities and Mr. Gutensohn regarding his compensation upon termination of his employment or otherwise, this Request is also overbroad. Additionally, the MWK Entities object because the documents and communications requested are burdensome and expensive to gather and not relevant to any issue, claim or defense in this lawsuit.

76.    All documents or communications between you and any person after Peter Gutensohn's departure from the Kinney Entities concerning or relating to Peter Gutensohn's profit sharing.

**RESPONSE: :** The MWK Entities object to this Request because "profit sharing" is ambiguous, vague, and thus unable to provide the basis for a proper search for responsive documents or communications. Additionally, the MWK Entities object because the

documents and communications requested are not relevant to any issue, claim or defense in this lawsuit. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

77.    All documents or communications between you and Peter Gutensohn concerning  Peter Gutensohn's commission or other compensation for the placement of Breen Hair.

RESPONSE: The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

78.    All documents or communications reflecting the allocation of placement fees for  any attorney candidates with whom Josh Carr communicated during the 12 months preceding his  date of termination and the 6 months following his date of termination.

RESPONSE: The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

79.    Any employment agreements between Alexis Lamb and any Kinney Entity, and  all documents or communications regarding same.

RESPONSE: The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

80.    All documents or communications between you and any current or former employee or other attorney recruiter, working on behalf or for any Kinney Entity, concerning any  disagreement or dispute over the amount of commission owed to such current or former employee or other attorney recruiter after an attorney candidate was successfully placed.

RESPONSE: The MWK Entities object to this Request because "any disagreement or dispute over the amount of commission owed" is ambiguous, vague, and thus unable to provide the basis for a proper search for responsive documents or communications. To the extent that this Request seeks all documents related to any disagreement any employee had with any MWK Entity related to his or her compensation, this Request is also overbroad. Additionally, the MWK Entities object because the documents and

communications requested are not relevant to any issue, claim or defense in this lawsuit. The MWK Entities will not respond to this request regarding any recruiter other than Jowers unless Jowers can articulate a rationale need for this information that outweighs the burden and expense of producing it.

81.     All documents or communications between you and Paige Drewelow arising out of or related to a dispute over her commissions, bonuses, or other compensation.

**RESPONSE:** The MWK Entities object to this Request because "a dispute over her commissions," etc., is ambiguous, vague, and thus unable to provide the basis for a proper search for documents or communications. To the extent that this Request seeks all documents related to any dispute the employee had with any person related to her compensation, this Request is also overbroad. Additionally, the MWK Entities object because the documents requested are not relevant to any issue, claim or defense in this lawsuit. The MWK Entities will not respond to this request on this basis.

82.     All documents or communications between Eve Yao and any attorney candidate during the first six months of her employment with you.

**RESPONSE:** The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

83.     All documents or communications between Jessica Chin Somers and any attorney candidate during the first six months of her employment with you.

**RESPONSE:** The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

84.     All documents or communications between Katherine Loanxon and any attorney candidate during the first six months of her employment with you.

**RESPONSE:** The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and will withhold production of documents responsive to this on this basis until a relevant basis for the Request that outweighs its significant burden is articulated.

85.     All documents or communications between Michelle Kinney and any officer, agent, or employee of the Kinney Entities.

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 30

**RESPONSE:** The MWK Entities object to the request because it is overbroad, and thus the MWK Entities are unable to search for documents responsive to the request or make any appropriate objections.

86.     All documents or communications evidencing or reflecting any efforts you made  from 2006 to 2016 to provide Jowers with training as a professional attorney recruiter.

**RESPONSE:** The MWK Entities object to the request because the documents requested are not relevant to any claim or defense, and therefore the burden and expense of producing them dramatically exceeds their value to Jowers. This Request appears to seek production of every matter that could be deemed instructive to Jowers over a vast period of time, and such a request is thus overbroad. The MWK Entities will withhold production of responsive documents on this basis unless and until a relevant basis for the Request outweighing its burden is articulated. The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..

87.     All documents or communications that you have received in response to any  subpoena or other third-party discovery request made or served by Plaintiff or Counter-defendants in this Lawsuit.

**RESPONSE:** Responsive documents from Latham & Watkins were produced on January 29, 2020, and further documents so received will be produced as they are received by the MWK Entities.

88.     All documents or communications that you intend to use as an exhibit or to show  to any witness during any deposition, trial, hearing, or other proceeding in this Lawsuit.

**RESPONSE:** The MWK Entities object to this catch-all document request and relies on the MWK Entities' previous responses and objections. Otherwise responsive documents will be produced as soon as practicable after their production and prior to their use.

89.     All documents or communications that you intend to use in your defense or prosecution of any claim in this Lawsuit.

**RESPONSE:** The MWK Entities object to this catch-all document request and relies on the MWK Entities' previous responses and objections. Otherwise responsive documents will be produced as soon as practicable after they are produced and before they are used.

90.     All documents or communications that you have sent to, received from, or provided to any expert who will provide testimony at trial in this Lawsuit.

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 31

**RESPONSE:** At this time, the MWK Entities do not have documents responsive to the request and reserves the right to provide supplemental discovery pursuant to Federal Rule of Civil Procedure 26.

91.     All documents or communications reviewed by any expert who will provide testimony at trial in this Lawsuit.

**RESPONSE:** At this time, the MWK Entities do not have documents responsive to the request and reserves the right to provide supplemental discovery pursuant to Federal Rule of Civil Procedure 26.

92.     All documents or communications relied upon by any expert who will provide testimony at trial in this Lawsuit.

**RESPONSE:** At this time, the MWK Entities do not have documents responsive to the request and reserves the right to provide supplemental discovery pursuant to Federal Rule of Civil Procedure 26.

93.     A true and correct copy of each Kinney Entity's document retention policy.

**RESPONSE:** The MWK Entities object to this Request because "document retention policy" is vague, ambiguous, and not sufficiently defined to allow the MWK Entities to conduct a reasonable search for responsive materials. The MWK Entities will understand this Request to refer to a written, uniform, widely promulgated document policy specifying how and when documents are to be retained by employees and agents. Subject to the foregoing objection and definition, the MWK Entities do not have documents responsive to this Request.

94.     All documents or communications relied upon by MWK or any other Counter- defendant in calculating all amounts allegedly owed to MWK or any other Counter-defendant  with respect to any claim at issue in this Lawsuit.

**RESPONSE:** The MWK Entities also object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time..  Non-privileged, responsive documents, if any, will be produced as soon as practicable after service of the MWK Entities' Responses and Objections.

95.     All documents or communications relied upon by MWK or any other Counter- defendant in calculating all damages allegedly owed to MWK or any other Counter-defendant  with respect to any claim at issue in this Lawsuit.

**RESPONSE:** The MWK Entities object to this Request to the extent it seeks documents or materials protected by the attorney-client privilege or the work product doctrine and

will withhold such documents on that basis, and description of said documents will be reflected in a privilege log that MWK Entities will disclose within a reasonable time.. Non-privileged, responsive documents currently in the possession of the MWK Entities will be produced within 14 days, and further documents will be produced as soon as practicable thereafter.

96.      All demonstrative aids you expect to use at trial.

**RESPONSE:** At this time, the MWK Entities do not have documents responsive to the request and reserves the right to provide supplemental discovery pursuant to Federal Rule of Civil Procedure 26.

97.      All documents or communications obtained from any third party relating to Jowers.

**RESPONSE:** At this time, the MWK Entities do not have documents responsive to the request and reserves the right to provide supplemental discovery pursuant to Federal Rule of Civil Procedure 26.

98.      All statements of any person designated by any party as a person with knowledge of relevant facts.

**RESPONSE:** At this time, the MWK Entities do not have documents responsive to the request and reserves the right to provide supplemental discovery pursuant to Federal Rule of Civil Procedure 26.

Dated:  February 4, 2020                    Respectfully Submitted


                                            /s/ Robert E. Kinney
                                            Robert E. Kinney (pro hac vice)
                                            Texas State Bar No. 00796888
                                            Robert@KinneyRecruiting.com

                                            **Robert E. Kinney**
                                            824 West 10th Street, Suite 200
                                            Austin, Texas 78701
                                            Tel: (512) 636-1395

                                            Raymond W. Mort, III
                                            Texas State Bar No. 00791308
                                            raymort@austinlaw.com

                                            **THE MORT LAW FIRM, PLLC**
                                            100 Congress Avenue, Suite 2000
                                            Austin, Texas 78701
                                            Tel/Fax: (512) 865-7950

                                            **ATTORNEYS FOR PLAINTIFF**

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 34

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record for Plaintiff by e-mail on the date indicated above.

*/s/ Robert E. Kinney*
Robert E. Kinney

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION TO MWK ENTITIES**—Page 35