**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BREAKING MEDIA, INC.<br>dba ABOVE THE LAW,<br><br>                       Petitioner,<br><br>        -against-<br><br>EVAN P. JOWERS,<br>                    Respondent.<br><br>Re:  Subpoena Issued in:<br>*MWK Recruiting, Inc. v.*<br>*Evan P. Jowers, et al.*<br>U.S. District Court<br>Western District of Texas | Misc. No.: 1-21-mc-00194-KPF<br><br>Associated Case:<br>1:18-cv-00444 (W.D.Tx.) |

**REPLY MEMORANDUM OF LAW OF PETITIONER BREAKING MEDIA, INC.**
**IN SUPPORT OF ITS MOTION TO QUASH NON-PARTY SUBPOENA**

      **Petitioner Breaking Media, Inc.**, publisher of ***Above the Law*** ("ATL" or "Petitioner")

by its attorneys Miller Korzenik Sommers Rayman LLP, submits this Reply Memorandum of

Law in support of its Motion pursuant to Fed. R. Civ. P. 45 to Quash a Subpoena issued to it by

Respondent Evan Jowers ("Jowers") and his counsel Robert Tauler from an action pending in the

Western District of Texas entitled *MWK Recruiting v. Jowers, et al.*, No. 18-cv-00444.

      ***The Appropriateness of Legal Fees***: ATL by its Motion to Quash has sought

compensation for the legal fees that it has expended in seeking protection from Respondent's ill-

conceived Subpoena.  Dkt. 13.  Those costs were needlessly compounded by the way in which

the Subpoena was pressed on ATL.  As noted in the Declarations of John Lerner (Petitioner's

CEO) and David S. Korzenik both dated March 4, 2021 (Dkts. 14 and 15, respectively), ATL

had to move to quash on a day and a half's notice when Respondent's counsel – without even

having completed a meet & confer – emailed on February 16 that he would not extend ATL's time to move.  *See* ATL Amended Memorandum of Law (Dkt. 16) ("Mem."), at 2.  The refusal was unreasonable and needlessly imposed costs on ATL: Jowers would not have received discovery from ATL whether he extended our time or if he precipitously forced ATL's counsel to move to quash.  But that did not end the vexatious character of the Subpoena.

In our amended papers we cited Respondent's obtuse rationale for the Subpoena – one that certainly could not be expected to overcome the Reporter's Privilege: It was Mr. Tauler's contention that ATL's two reports on past rulings and proceedings somehow "interfered with the deliberative process" of the Texas court.  We noted that this grievance was not reasonably related to any of the causes of action in the Texas case.  *See* Mem. at 7, 8-9.

Since then the Texas Court itself denied the very same type of discovery that Respondent sought to compel from the Western District of Texas Admissions Committee.  The Texas Court concluded that it was premised on a grievance that had nothing to do with the causes of action in the case.

***Related Third-Party Discovery Denied Respondent in Texas Last Week***: ATL refers the Court to its Letter Submission of March 10, 2021 (Dkt. 19) which includes a copy of a **March 8, 2021 Order** by Mag. Judge Austin of the Texas Court.  There Respondent Jowers/Tauler sought to compel third-party discovery from the Western District of Texas Admissions Committee, urging the same grounds and rationale as they argue here against ATL.  Respondent sought evidence of any submissions by Kinney (the principal of MWK Recruiting) of any information about Robert Tauler and his litigations.  Respondent Jowers/Tauler justify these third-party subpoenas on the grounds that Kinney through these alleged submissions to the Admissions Committee and to ATL was seeking to influence the Admissions Committee on Tauler's

application for admission to Western District of Texas and thus to "interfere with the deliberative process" presumably of the Committee and the Court.

Magistrate Judge Austin *denied* that discovery because it had no reasonable relation to the causes of action in the Texas case. Specifically, the Court ruled, the issue that Jowers/Tauler seek discovery on "is quite plainly *not* one of the issues presented in this lawsuit." *See* Dkt. 19 Exhibit A, Order at 2.

***Defects in Respondent's Opposition***: It is rare for a party's opposition to defeat itself or even to reveal its own improper and vexatious purpose. Jowers/Tauler's Opposition (Dkt. 23) ("Opp.") does just that. Mr. Tauler was annoyed by two prior discovery orders issued in the Texas case by Judge Austin: One in April 2020 which was critical of Kirkland & Ellis (not Tauler); and another where, according to Jowers/Tauler's Opposition papers here, "On December 18, 2020, Judge Austin issued yet another discovery order making personal attacks on lawyers in the case." Opp. at 3.

First, ATL was not the only legal news organization to cover these rulings. Others like Law.com, Law360 and Bloomberg law did so first. *See* Lerner Decl. ¶3; Korzenik Decl. ¶4.

Second, ATL did not write the Texas Court's rulings. It just reported on them and commented on them. The Texas Court and the Admissions Committee know what the Texas Court ruled – they do not need ATL, Law.com, Law360 or others to know what the Court ruled.

Third, news organizations report on legal proceedings and legal decisions all the time. Sometimes, parties to the litigations are quoted (although that was ***not*** the case here). But it does not follow that such reports can be properly subpoenaed on that account or that the Reporter's Privilege is somehow lost by virtue of that.

Indeed, the Texas case and its rulings have been widely covered by other legal news outlets before ATL covered them.  A Google search, of which this Court may take notice, shows that since last April, there were at least 11 articles about the Texas case by other news outlets, including *Law.com* (which has published at least 6 stories); *EIN News*; *Law360*; *Bloomberg Law*; *Law & Crime*; and *Reuters*. [1]  *Law360* covered Magistrate Judge Austin's March 8 ruling and *Texas Lawyer/Law.com* did so too. [2]

There are a number of other glaring defects in Respondent's Opposition:

***The Subpoena Was Not Properly or Timely Served***: The Petitioner's two Declarations filed with its Motion to Quash provide the details of the untimely and defective service of the Subpoena.  Both the timing and nature of the service are defective under the Rules.  Nowhere in Respondent's Opposition does Respondent Jowers or Tauler contest any of that.  Respondent leaves those facts uncontested and unaddressed.

***Failures To Dispute or Contest***: Respondent does not contest or even address Petitioner's description of Petitioner's efforts to meet & confer and to obtain an extension of time and to avoid needlessly burdensome costs.

Respondent Jowers/Tauler does not contest ATL's account of his seeking changes to the last paragraph of ATL's December 22 article.  Clearly that was Jowers' counsel's prime irritation

---

[1] A link to the Google news search results for "MWK Recruiting" & "Evan Jowers" follows: https://www.google.com/search?q=%22evan+jowers%22+%26+%22mwk+recruiting%22&tbas=0&tbs=sbd:1,qdr:y&tbm=nws&ei=tttTYOL1Cuvl_QbE-IOoBQ&start=0&sa=N&ved=0ahUKEwjiqKKa-brvAhXrct8KHUT8AFU4ChDy0wMIOw&biw=1333&bih=781&dpr=2.

[2] *See* https://www.law360.com/pulse/articles/1362634/texas-judge-slams-downward-spiral-of-legal-recruiter-fight; https://www.law.com/texaslawyer/2021/03/09/after-downward-spiral-of-this-case-into-absurdity-judge-threatens-sanctions-again/.

with ATL, i.e. how it referred to him and his California case.  ATL accommodated him and made the changes he asked for.  *See* Dkt. 23-2, at 6; Lerner Decl. ¶5.

While any effort to overcome a Reporter's Privilege requires a demonstration that reasonable efforts were undertaken to obtain the same information by other means, Mr. Tauler only supplies a demand for written discovery to MWK Recruiting without any indication of any follow-up or any effort to compel information about the speculative line of inquiry that he presses on us here.

And while we noted in earlier papers that Mr. Tauler was *about* to take Mr. Kinney's deposition sometime during the week of February 19 (adjourned to the following week because of the Texas storms), [3] Mr. Tauler attests to no efforts to ask about ATL in the Kinney deposition.  Perhaps, the March 8 ruling of Judge Austin ended or chastened that line of inquiry. That Mr. Tauler took a deposition of Kinney and never indicated whether or not he asked about ATL, should itself defeat his claim here that he had no other way to obtain such information.

Not only should the Subpoena be quashed on both technical grounds and on Reporter's Privilege grounds, but legal fees should be awarded on the basis of 1) the needlessly costly and burdensome way in which it was asserted and pursued; and 2) the vexatious and speculative rationale behind it – with its effort to see the reports of rulings as if they were efforts to "interfere with the deliberative process" – an obtuse and unjustifiable rationale which cannot apply to a court's own ruling and which has nothing to do with the causes of action in the underlying Texas case.

---

[3] *See* ATL Initial Memorandum of Law (Dkt. 3), at 2; Mem. at 17.

## CONCLUSION

The Court should quash the Subpoena and award ATL its reasonable expenses and attorneys' fees incurred in responding to it, including on this motion.

Respectfully submitted,

Dated: New York, New York
      March 18, 2021

MILLER KORZENIK SOMMERS RAYMAN LLP

By: /s/ David S. Korzenik
David S. Korzenik
dkorzenik@mkslex.com
Terence P. Keegan
tkeegan@mkslex.com
Zachary M. Press
zpress@mkslex.com
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200
*Attorneys for Breaking Media, Inc.*
*dba Above the Law*