# **<u>Exhibit B</u>**

**Subject:** Re: Above the Law - Fee Application
**Date:** Tuesday, April 13, 2021 at 12:32:27 PM Eastern Daylight Time
**From:** Robert Tauler
**To:** David Korzenik
**CC:** Terence Keegan

The deals are contingent on one another and should be executed at the same time.  I'm afraid ATL will ditch the deal if we do it separately.  I don't know why they would since advertising dollars are hard to find now for blogs, which makes this all so strange.   Please let me know.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

> On Apr 13, 2021, at 9:27 AM, David Korzenik <dkorzenik@mkslex.com> wrote:
>
>
> Robert:
> I was not aware that you were offering *any* amount toward our fees.
> You simply said $200k for advertising and that you might carve out something toward fees.
> But no number for fees was ever offered to us.
>
> As for advertising at 100K and 200k, I did discuss it with my client. ATL views advertising as a separate matter. It can be discussed if and when this is resolved. But Fees and Advertising are separate matters.
>
> If you are offering an amount on fees, then please advise me or give me a call. - David
>
> David S. Korzenik
> **Miller Korzenik Sommers Rayman LLP**
> The Paramount Building
> 1501 Broadway, Suite 2015
> New York, NY 10036
> Tel.: 212-752-9200
> Cell: 917-903-8779
> Fax: 212-688-3996
> dkorzenik@mkslex.com
> MKSR.Law
>
> ---
>
> **From:** Robert Tauler <rtauler@taulersmith.com>
> **Date:** Tuesday, April 13, 2021 at 11:24 AM
> **To:** David Korzenik <dkorzenik@mkslex.com>
> **Cc:** Terence Keegan <tkeegan@mkslex.com>
> **Subject:** Re: Above the Law - Fee Application

1

Thanks David, hard to believe it took your office over 100 hours to file an eight page motion citing hardly any law within a couple days time frame. Numbers don't add up.  Breaking your hours in .2 increments doesn't fool anyone.

Also, with these rates it seems like it's worth an appeal to the 2nd circuit and see what they think about the cozy relationship between ATL and its sponsors under the guise of "breaking legal developments."  They may agree with me that this is where the line should be drawn with Gawker type media (like the 11th district recently did in Florida).

Did your client ever get back regarding my last proposal?  Seems odd that Breaking Media would reject $200k to them and $30k to you.  They owe a duty to their shareholders to make money.  Why would they reject this?  Any idea? Do you represent Breaking Media even?  Or are you just doing this as a favor for Robert Kinney?

You have a duty to share offers with your client - seems outrageous that they would reject over $200k in revenue to them on top of $30k to you - $3k more than you request for your fees in your email below.  Can you help me make sense of this or do I need to get to the bottom of it?

Let me take this "proposal" back to my client. I'll get back to you no later than tomorrow.  By the way, I have not negotiated here in any way my own claims under California law for false light defamation. Breaking media will be "broke media" after I am done with them, of that you can be sure.

Thanks,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

> On Apr 13, 2021, at 8:07 AM, David Korzenik <dkorzenik@mkslex.com> wrote:
>
> Robert:
> Here is the time detail, as you requested, at the lower rate of $425/hour.
>
> My billing rate is $550/hour.
> That would yield a total amount due of **$35.540.00**.

2

The actual market value of my time – and a range accepted by SDNY Judges for equivalent experienced counsel on fee applications – would be no less than $650 - $750/hr.
That would yield, at $650/hr., a total amount of **$37,590.00**. (over **$40K** at the $750 rate.) (I have taught media law for over 20 years and have focused my practice in this area for many more – representing news organizations on issues similar to this.)

We have offered to resolve the fee application with a reduction of 10% off of the *lowest* rate of $425/Hr., which is **$30,046.17** minus $3,,000.00 = **$27,000.00.**

That rate is far below the value of the time and work that I had to expend on this matter. It forced me to put off other work that I needed to do and could have done at higher rates.

Our offer is entirely reasonable. And no quibble or objection to any of the time expended will offset the large reduction that we have offered your client here. This matter should be brought to a close at that amount.

I had to go through a needless fire drill, get up to speed, sort through much chaff, and do a second set of motion papers based on new information. (That could and should have been avoided had you extended my time to respond before our meet and confer could be completed.)

I would like to know what your own regular rate is for litigation.
Please advise at your earliest convenience in view of the deadline for filing. I am available to speak 917-903-8779. - David

David S. Korzenik
Miller Korzenik Sommers Rayman LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Tel.: 212-752-9200
Cell: 917-903-8779
Fax: 212-688-3996
dkorzenik@mkslex.com
 MKSR.Law

<21-04-11 Breaking Media Invoice at Lower Rate.pdf>

3

**Subject:** Re: Above the Law - Fee Application
**Date:** Thursday, April 15, 2021 at 12:29:12 AM Eastern Daylight Time
**From:** Robert Tauler
**To:** David Korzenik
**CC:** Terence Keegan

Thanks for your email - I thought you should know Mr. Kinney has apparently become unhinged in the past 24 hours - filing various briefs implicating you in Texas and making improper threats of violence. His conduct really hurts the viability of what we have been discussing and really concerns me about his mental health.  (I encourage you to read his last three filings and you will understand what I mean).  If you want to save the deal, I would appreciate if you told him to not interfere. I  think he is completely out of control, personally, and for some reason has tried to take it out his frustrations on me even though I have no personal stake in his vendetta against Jowers.  Kinney has recently made personal threats against my safety and livelihood, which is something I didn't sign up for when I decided to defend a five year old case between two legal recruiters less than a year ago. I really could care less about him or above the law, but have been made a target by both.  Kinney has even taken affirmative steps to try to get me disbarred in an effort to win his case against his old employee - again, I have only been defending my client for less than a year - I have told Kinney I can't communicate with him anymore until he obtains counsel.  Really he needs immediate psychological attention in my opinion. He has insisted that our deal can't go forward even though it's none of his business.  I am free tomorrow morning first thing to discuss - we should do so ASAP.  I want nothing to do with Robert Kinney, his hatchet-men, or their eventual fate, I am only trying to do my job.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

> On Apr 14, 2021, at 10:02 AM, David Korzenik <dkorzenik@mkslex.com> wrote:
>
>
> Robert:
> If this is an offer, it is not one that we can evaluate.
> There are too many open questions.
>
> 1. Are you saying that you will commit to $200K in advertising and then the $30K of legal fees are to be paid out of that (So you would be getting $200K in advertising for $170K, with the legal fees to be paid at a later date?); or are you saying that you will be paying the $30K in legal fees plus the $200K in advertising? The former, "carve out" is not something ATL will do.
>
> 2. Assuming that it would be 30K plus 200K, when would the 30K be paid?
>
> 3. Who would be responsible for the 200K commitment? Jowers, his US company, his Asia company? All of them?
>
> 4. How would that commitment be secured? Companies can always sign up for ad,s but ATL does not want to provide advertising; and then have to pursue collection. ATL has no interest in extending ad services that are not compensated.

4

5. Over what period of time would this commitment apply?

6. What kind of commitment/obligations regarding advertising are you looking for from ATL?

7. What kind of advertising is contemplated? Custom advertising would be too complicated and possibly fraught. It would have to follow the ATL rate card.

8. We are concerned that contractual terms could become a cause of future entanglement and possible litigation that we do not want. That risk has to be minimized.

9. What is the significance of your suggesting that the fee and the advertising be contingent on one another. Please explain how they would be related in any agreement?

More needs to be spelled out for us to understand it and consider it.
As discussed, we are facing a time limit on when the application should be filed. Will look forward to your response. - David


David S. Korzenik
Miller Korzenik Sommers Rayman LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Tel.: 212-752-9200
Cell: 917-903-8779
Fax: 212-688-3996
dkorzenik@mkslex.com
MKSR.Law

---

**From:** Robert Tauler <rtauler@taulersmith.com>
**Date:** Tuesday, April 13, 2021 at 12:32 PM
**To:** David Korzenik <dkorzenik@mkslex.com>
**Cc:** Terence Keegan <tkeegan@mkslex.com>
**Subject:** Re: Above the Law - Fee Application

The deals are contingent on one another and should be executed at the same time. I'm afraid ATL will ditch the deal if we do it separately. I don't know why they would since advertising dollars are hard to find now for blogs, which makes this all so strange. Please let me know.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

5

On Apr 13, 2021, at 9:27 AM, David Korzenik <dkorzenik@mkslex.com> wrote:

Robert:
I was not aware that you were offering *any* amount toward our fees.
You simply said $200k for advertising and that you might carve out something toward fees. But no number for fees was ever offered to us.

As for advertising at 100K and 200k, I did discuss it with my client. ATL views advertising as a separate matter. It can be discussed if and when this is resolved. But Fees and Advertising are separate matters.

If you are offering an amount on fees, then please advise me or give me a call.
- David

David S. Korzenik
Miller Korzenik Sommers Rayman LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Tel.: 212-752-9200
Cell: 917-903-8779
Fax: 212-688-3996
dkorzenik@mkslex.com
MKSR.Law

---

**From:** Robert Tauler <rtauler@taulersmith.com>
**Date:** Tuesday, April 13, 2021 at 11:24 AM
**To:** David Korzenik <dkorzenik@mkslex.com>
**Cc:** Terence Keegan <tkeegan@mkslex.com>
**Subject:** Re: Above the Law - Fee Application

Thanks David, hard to believe it took your office over 100 hours to file an eight page motion citing hardly any law within a couple days time frame. Numbers don't add up. Breaking your hours in .2 increments doesn't fool anyone.

Also, with these rates it seems like it's worth an appeal to the 2nd circuit and see what they think about the cozy relationship between ATL and its sponsors under

the guise of "breaking legal developments." They may agree with me that this is where the line should be drawn with Gawker type media (like the 11th district recently did in Florida).

Did your client ever get back regarding my last proposal? Seems odd that Breaking Media would reject $200k to them and $30k to you. They owe a duty to their shareholders to make money. Why would they reject this? Any idea? Do you represent Breaking Media even? Or are you just doing this as a favor for Robert Kinney?

You have a duty to share offers with your client - seems outrageous that they would reject over $200k in revenue to them on top of $30k to you - $3k more than you request for your fees in your email below. Can you help me make sense of this or do I need to get to the bottom of it?

Let me take this "proposal" back to my client. I'll get back to you no later than tomorrow. By the way, I have not negotiated here in any way my own claims under California law for false light defamation. Breaking media will be "broke media" after I am done with them, of that you can be sure.

Thanks,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

> On Apr 13, 2021, at 8:07 AM, David Korzenik <dkorzenik@mkslex.com> wrote:
>
> Robert:
> Here is the time detail, as you requested, at the lower rate of $425/hour.
>
> My billing rate is $550/hour.
> That would yield a total amount due of **$35.540.00**.

The actual market value of my time – and a range accepted by SDNY Judges for equivalent experienced counsel on fee applications – would be no less than $650 - $750/hr.
That would yield, at $650/hr., a total amount of **$37,590.00**.
(over **$40K** at the $750 rate.) (I have taught media law for over 20 years and have focused my practice in this area for many more – representing news organizations on issues similar to this.)

We have offered to resolve the fee application with a reduction of 10% off of the *lowest* rate of $425/Hr., which is **$30,046.17** minus $3,,000.00 = **$27,000.00.**

That rate is far below the value of the time and work that I had to expend on this matter. It forced me to put off other work that I needed to do and could have done at higher rates.

Our offer is entirely reasonable. And no quibble or objection to any of the time expended will offset the large reduction that we have offered your client here. This matter should be brought to a close at that amount.

I had to go through a needless fire drill, get up to speed, sort through much chaff, and do a second set of motion papers based on new information. (That could and should have been avoided had you extended my time to respond before our meet and confer could be completed.)

I would like to know what your own regular rate is for litigation. Please advise at your earliest convenience in view of the deadline for filing. I am available to speak 917-903-8779. - David

David S. Korzenik
Miller Korzenik Sommers Rayman LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Tel.: 212-752-9200
Cell: 917-903-8779
Fax: 212-688-3996
dkorzenik@mkslex.com
 MKSR.Law

<21-04-11 Breaking Media Invoice at Lower Rate.pdf>

8